# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER WAYNE WEBB,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 10-455-FHS-SPS |
| ) | |
| **EMILY REDMAN, et al.**, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on Defendant Emily Redman's motion to dismiss plaintiff's complaint. The court has before it for consideration plaintiff's complaint, Defendant Redman's motion, and plaintiff's response and supplement. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Bryan County Jail in Durant, Oklahoma. The defendants are Bryan County District Attorney Emily Redman, Bryan County Sheriff Bill Sturch, Bryan County Sheriff's Lieutenant Holt, and Bryan County Jail Administrator John Kidman.

Plaintiff alleges that in October 2009 Inmate Belew arrived at the Bryan County Jail, and that same month plaintiff received written and verbal details of capital crimes from Belew. In October and November 2009, the United States Marshals, OSBI, and Detectives Houston and Bates interviewed plaintiff about a murder. In January and February 2010 Belew returned from a visit with his attorneys in a very angry mood, saying his lawyers had just told him about plaintiff's interviews with authorities. Plaintiff alleges he was named as a witness for the State, which led to threats against him and his family.

In February 2010 plaintiff had his first physical altercation with Belew in the shower area. Belew suffered a swollen temple, and the back of plaintiff's head was split open with an unknown object. That same month plaintiff sent a letter to Defendant District Attorney

Emily Redman, asking for her intervention.  He also notified his attorney and Defendant Sheriff Bill Sturch.  Neither the district attorney nor the sheriff responded to plaintiff's correspondence.  Plaintiff's attorney advised him it was a civil matter and that the district attorney and sheriff obviously did not care.  On September 19, 2010, plaintiff sent another letter to District Attorney Emily Redman, asking for a meeting to resolve issues concerning Inmate Belew and other matters, but Redman again did not respond.

Plaintiff alleges that while Redman was acting in her capacity as the Bryan County District Attorney, she advised Inmate Belew's attorney about the State's information and its intent to call plaintiff as a witness in Belew's criminal trial.  He also apparently is complaining that he was housed with Belew, which put his safety in jeopardy.

Defendant Redman has filed a motion to dismiss, asserting she is immune from liability for the acts alleged by plaintiff.  A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on her performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (prosecutorial immunity extends to the prosecutor's evaluation of evidence assembled by investigators).

Plaintiff contends Redman stepped outside her role as a prosecutor and actively took part in the investigation of Belew by sending investigators to interview plaintiff about Belew's murder confession, instead of contacting plaintiff through his attorney.  He has provided no support, however, for his claim that Redman actually participated in the investigation.  The court, therefore, finds  Redman is entitled to prosecutorial immunity.

With respect to the conditions of plaintiff's confinement in the Bryan County Jail, a county district attorney is not responsible for the proper management of the jail in her county. The duties of an Oklahoma district attorney are set forth in Okla. Stat. tit. 19, § 215.4, and include the duty to prosecute or defend all civil and criminal proceedings in which any county in the district is interested.  Defendant Redman, therefore, is not liable for plaintiff's

being housed in the same pod as Inmate Belew.

**ACCORDINGLY,** Defendant Emily Redman's motion to dismiss (Docket No. 27) is GRANTED.

DATED this 5th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma