# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER W. WEBB, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV-10-455-FHS-SPS |
| BILL STURCH, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on the remaining defendants' motions for summary judgment. The court has before it for consideration plaintiff's complaint (Docket No. 1) and supplement (Docket No. 53), the defendants' motions (Docket Nos. 60, 61, and 62), plaintiff's response (Docket No. 63), the defendants' reply (Docket No. 64), and an amended special report (Docket No. 43).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations that allegedly occurred while he was a pretrial detainee in the Bryan County Jail in Durant, Oklahoma. The remaining defendants are Bryan County Sheriff Bill Sturch, Bryan County Sheriff's Lieutenant Holt, and Bryan County Jail Administrator John Kidman.

As set forth in the court's previous order dismissing Defendant Emily Redman (Docket No. 41), plaintiff alleges the defendants were deliberately indifferent to his safety while he was housed with Inmate Belew for at least a year. Inmate Belew arrived at the Bryan County Jail in October 2009, and that same month Belew gave plaintiff written and verbal details of capital crimes. In October and November 2009, the United States Marshals, OSBI, and Detectives Houston and Bates interviewed plaintiff about a murder. In January and February 2010, Belew returned to the jail very angry after visiting with his attorneys,

stating his lawyers had told him about plaintiff's interviews with authorities. Plaintiff alleges he was named as a witness for the State, leading to threats against him and his family.

In February 2010 plaintiff had his first physical altercation with Belew in the shower area. The back of plaintiff's head was split open, and Belew suffered a swollen temple. Plaintiff claims he sent a letter to District Attorney Emily Redman, asking for intervention in the situation. He also claims he notified his attorney and Defendant Sturch. Neither Redman nor Sturch responded to plaintiff's correspondence. Plaintiff's attorney advised that it was a civil manner, and the sheriff and district attorney obviously did not care. In April 2010 Belew's best friend, Inmate Johnny Johnston, broke plaintiff's nose without warning in the dayroom, and they fought for about ten minutes. Both inmates were locked down for a week, but there was no hearing or medical treatment. Plaintiff was transferred to the Atoka County Jail on December 31, 2010.

Plaintiff also complains that jail officials denied him access to the courts and tampered with his legal mail. In addition, he has requested injunctive relief in the form of placement in federal custody and prevention of "further criminal activity."

**Exhaustion of Administrative Remedies**

Plaintiff alleges in his complaint that he exhausted the administrative remedies for his claims by sending a grievance to Defendant Kidman in January 2010, which went unanswered. Plaintiff further asserts he spoke directly to Defendant Holt in January 2010 and Holt said, "We got to get you out of there." In March 2010 he again asked Holt for help, and Holt said he would talk to the Jail Administrator John Kidman about moving either plaintiff or Belew to another county jail. Holt denies these alleged conversations (Docket No. 43-5), and Kidman denies any knowledge of plaintiff's safety concerns with regard to Inmate Belew (Docket No. 43-4). Plaintiff also states he mailed letters to Defendant Sturch and the district attorney in March 2010, but he received no responses.

When it is clear on the face of a plaintiff's complaint that he has not exhausted his administrative remedies, the district court may raise the exhaustion question *sua sponte*

2

pursuant to 28 U.S.C. §§ 1915 and 1915A and seek additional information. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). However, "a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue," unless the complaint conclusively shows a failure to exhaust. *Id*. Furthermore, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Id*.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). In this case, however, it appears there are no administrative materials from any of the parties.

According to the amended special report, the Bryan County Jail Inmate Grievance Procedure, issued on July 1, 2003, requires the following steps to exhaust inmate complaints:

> Any inmate may file a grievance to bring a problem to staff's attention or to appeal a specific staff action. Prior to actually filing the grievance, the inmate must have first completed a Request to Staff in an effort to resolve the issue at its lowest level possible. *Staff members will not entertain a grievance unless a Request to Staff is attached to the grievance as proof that an informal attempt has been made by the inmate to resolve the situation at the lowest level position.*
>
> An inmate must bring the grievance to staff attention within 48 hours of the problem or action.

3

(Docket No. 43-6 at 1-2) (emphasis added). While plaintiff alleges he filed a grievance regarding his safety, he does not assert he first filed a Request to Staff as required. In addition, plaintiff does not claim he filed a Request to Staff or grievance regarding his access to the courts or the alleged tampering with his legal mail.

Defendant Jail Administrator Kidman states by affidavit that he receives all grievances and medical request forms from inmates, but plaintiff filed no grievance concerning Belew. (Docket No. 43-4 at 2). Plaintiff explains he is unable to provide a copy of his grievance, because jail officials received the only copy. (Docket No. 59 at 1). The defendants concede there are no grievance logs or recordkeeping from the time in question (Docket 50 at 2).

**Standard for Review**

The defendants have moved the court for dismissal of this action or in the alternative for summary judgment. Having moved for summary judgment in their favor, the movants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). Plaintiff, as "the nonmoving party may not rest on [his] pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the burden of proof." *Applied Genetics Int'l. v. First Affiliated Sec., Inc.*, 912 F.2d 1238 (10th Cir. 1990) (citing

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249.

Here, the court finds plaintiff clearly failed to exhaust the administrative remedies for his claims, as required by 42 U.S.C. § 1997e(a). Taking as true his allegation that he submitted a grievance regarding his safety, he nonetheless did not comply with the requirement to submit a Request to Staff. Without this step, the jail officials were not required to consider his grievance. Furthermore, because plaintiff has been transferred to another facility, the court finds his claim for injunctive relief is moot. *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997).

**ACCORDINGLY,** the defendants' motions to dismiss (Docket Nos. 60, 61, and 62) are GRANTED, and plaintiff's unexhausted claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's request for injunctive relief is DISMISSED WITH PREJUDICE as moot.

DATED this 13th day of March, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma